I concur specially to express my view that an affirmance of the summary judgment would not be warranted on the basis that the applicable statutory limitations period, § 6-2-38(k), Ala. Code 1975, had run.[2] That statute would not begin to run until the cause of action for slander of title had accrued, which, in turn, would require the coexistence of all essential elements of that particular tort. As the main opinion points out, "malice" is an essential element of slander of title. Without it the cause of action is not complete, and thus unaccrued, and, consequently, the statutory limitations period is not triggered.
Folmar does not argue that the operative facts of her case gave rise to any tort or actionable wrong other than slander of title. As she states as the opening sentence to her statement-of-facts section in her brief to this Court: "This case is based on a slander of title claim." She acknowledges that "slander of title must be made both falsely and
maliciously" (emphasis hers), but she argues that the alleged confluence of those elements long after the original filing of the mortgage and at the time of Empire's refusal to remove the mortgage lien at her request, served to "give rise to the cause of action." (Folmar's brief, p. 9.) Section 6-5-211, Ala. Code 1975, provides a cause of action "for libelous or slanderous words falsely and maliciously impugning [a landowner's] title." I agree with the main opinion that precedent requires that the libelous or slanderous words must be false and malicious at the time they are published in order to be actionable as slander of title.
Johnstone, J., concurs.
[2] "We . . . hold that the statute of limitations for slander of title is two years, as presently provided by § 6-2-38(k) [Ala. Code 1975]."Hosey v. Central Bank of Birmingham, Inc., 528 So.2d 843, 844
(1988).